IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AERITAS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aeritas, LLC makes the following allegations against Defendant American Airlines, Inc.

### PARTIES

1. Plaintiff Aeritas, LLC ("Aeritas" or "Plaintiff") is a Texas limited liability company having a principal place of business at 15950 Dallas Parkway, Suite 225, Dallas, Texas 75248.

2. On information and belief, Defendant American Airlines, Inc. ("American" or "Defendant") is a Delaware corporation with its principal office at 4333 Amon Carter Boulevard, Fort Worth, TX 76155.  American has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  On information and belief, Defendant has transacted business in this district, and has committed, contributed to, or induced acts of patent infringement in this district.

5.     On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,933,589

6.     Plaintiff Aeritas is the owner by assignment of United States Patent No. 7,933,589 (the "'589 patent"), entitled "Method and System for Facilitation of Wireless E-Commerce Transactions."  The '589 patent issued on April 26, 2011.  A true and correct copy of the '589 patent is included as Exhibit A.

7.     Defendant has been and now is directly and/or indirectly (literally and under the doctrine of equivalents) infringing at least claim 40 of the '589 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that facilitate wireless transactions by receiving a request for a transaction consisting essentially of an authorization with respect to a product or service and a multistage fulfillment event associated with the authorization occurring at a fulfillment location, determining whether such authorization has been obtained, communicating to a wireless communication device a two-dimensional, optically scannable transaction code that is capable of being scanned at the fulfillment location initially to partially complete the transaction, and completing the wireless transaction at a second point by scanning the two

dimensional code, including but not limited to Defendant's "Mobile.AA.Com," "Mobile Apps," "Mobile Boarding Pass," and system(s) and service(s) relating thereto.

8.      On information and belief, Defendant had actual knowledge of the '589 Patent at least as early as May 3, 2011, or earlier.

9.      Aeritas is informed and believes, and thereon alleges, that Defendant has contributorily infringed and is currently contributorily infringing the '589 Patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties (*e.g.,* Defendant's customers and/or contractors), in this judicial district and elsewhere throughout the United States, without license or authority from Aeritas, components that embody a material part of the inventions described in the '589 Patent, are known by Defendant to be especially made or especially adapted for use in infringement of the '589 Patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the infringing products and/or services set forth above and their respective components.  Aeritas is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '589 Patent in violation of 35 U.S.C. § 271(a) by using infringing products and/or services, including some or all of the infringing products and/or services and their respective components.

10.     Aeritas is informed and believes, and thereon alleges, that Defendant has actively induced and are currently inducing the infringement of the '589 Patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties (*e.g.*, Defendant's customers and/or contractors) to use infringing products and/or services in this judicial district and elsewhere throughout the United States, without license or authority from Aeritas, including at least the infringing products and/or services set forth above.  Aeritas is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '589 Patent in

violation of 35 U.S.C. § 271(a) by using infringing products and/or services, including some or all of the infringing products and/or services. The Defendant through at least its website, product/service support and training materials actively induced its customers and contractors of the infringing products and/or services to infringe the '589 Patent.

11. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Aeritas and is thus liable to Aeritas for infringement of the '589 patent pursuant to 35 U.S.C. § 271.

12. As a result of Defendant's infringement of the '589 patent, Plaintiff Aeritas has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff Aeritas will continue to suffer damages in the future unless Defendant's infringing activities cease.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,209,903

13. Plaintiff Aeritas is the owner by assignment of United States Patent No. 7,209,903 (the "'903 patent"), entitled "Method and System for Facilitation of Wireless E-Commerce Transactions." The '903 patent issued on April 24, 2007. A true and correct copy of the '903 patent is included as Exhibit B.

14. Defendant has been and now is directly and/or indirectly (literally and under the doctrine of equivalents) infringing at least claim 22 of the '903 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that facilitate wireless transactions that involve a payment obligation on behalf of a requester and a fulfillment obligation on behalf of a provider by receiving a request from a requester who has indicated acceptance of an obligation to pay for

4

the product or service, verifying that requester's identity, communicating a transaction code to a wireless communication device representative of the transaction requested, optically scanning the code from a visual display of the wireless communication device in fulfillment of the transaction, and triggering a fulfillment event in response whereby the provider fulfills the obligation to the requester and the requested product or service is received, including but not limited to Defendant's "Mobile.AA.Com," "Mobile Apps," "Mobile Boarding Pass," and system(s) and service(s) relating thereto.

15. On information and belief, Defendant had actual knowledge of the '903 Patent at least as early as May 3, 2011, or in September 2009, or earlier.

16. Aeritas is informed and believes, and thereon alleges, that Defendant has contributorily infringed and is currently contributorily infringing the '903 Patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties (*e.g.,* Defendant's customers and/or contractors), in this judicial district and elsewhere throughout the United States, without license or authority from Aeritas, components that embody a material part of the inventions described in the '903 Patent, are known by Defendant to be especially made or especially adapted for use in infringement of the '903 Patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the infringing products and/or services set forth above and their respective components.  Aeritas is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '903 Patent in violation of 35 U.S.C. § 271(a) by using infringing products and/or services, including some or all of the infringing products and/or services and their respective components.

17. Aeritas is informed and believes, and thereon alleges, that Defendant has actively induced and are currently inducing the infringement of the '903 Patent in violation of 35 U.S.C.

§ 271(b) by knowingly and intentionally encouraging or aiding third parties (*e.g.*, Defendant's customers and/or contractors) to use infringing products and/or services in this judicial district and elsewhere throughout the United States, without license or authority from Aeritas, including at least the infringing products and/or services set forth above.  Aeritas is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '903 Patent in violation of 35 U.S.C. § 271(a) by using infringing products and/or services, including some or all of the infringing products and/or services.  The Defendant through at least its website, product/service support and training materials actively induced its customers and contractors of the infringing products and/or services to infringe the '903 Patent.

18. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Aeritas and is thus liable to Aeritas for infringement of the '903 patent pursuant to 35 U.S.C. § 271.

19. As a result of Defendant's infringement of the '903 patent, Plaintiff Aeritas has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff Aeritas will continue to suffer damages in the future unless Defendant's infringing activities cease.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Aeritas respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff Aeritas that Defendant has infringed (either literally or under the doctrine of equivalents), directly or indirectly, by way of inducing or contributing to the infringement of, one more of the claims of the '589 Patent and the '903 Patent (collectively, "Asserted Patents");

B. A judgment and order requiring Defendant to pay Plaintiff Aeritas its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Asserted Patents as provided under 35 U.S.C. § 284;

C. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aeritas its reasonable attorneys' fees against Defendant;

D. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Aeritas, including without limitation, pre-judgment and post-judgment interest;

E. Any and all other relief to which Plaintiff Aeritas may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Aeritas, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 24, 2013

OF COUNSEL:

Marc A. Fenster
Andrew D. Weiss
C. Jay Chung
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
aweiss@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Aeritas, LLC*